IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

George H. Lainez ) CHAPTER 13
)
Debtor ) NO. 08-21340

## SECOND AMENDED DEBTOR'S CHAPTER 13 PLAN

NOTICE

THIS PLAN CONTAINS EVIDENTIARY MATTER WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE. CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE §1324, AND LOCAL RULES. ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATION AND ALLEGATIONS CONTAINED HEREIN.

1. The debtor has paid to the Trustee the sum of $6,400.00 for the first 10 months of the plan. The debtor shall pay to the supervision and control of the Trustee from his future earnings or other income the sum of $863.00 per month for the remaining 50 months of the plan for a total of $49,550.00.

2. Payments to the Trustee shall be made each month for a period of sixty (60) months, in such amounts as may be required to pay all costs of administration.

## CLASS I - PRIORITY CLAIMS

3. The following claims, to the extent allowed, entitled to priority under 11 U.S.C. §507, shall be paid in full as follows:

A. The Chapter 13 Trustee will receive compensation through the plan in the

amount permitted pursuant to 28 U.S.C. §586(e)(B).

B. The fees of debtor's counsel, as approved by the Court, shall be paid outside the plan.

C. The pre-petition priority claim for child support arrearages filed by the Lehigh County Domestic Relations Section has been paid outside the plan. The Lehigh County Domestic Relation Section has agreed to withdraw it's priority proof of claim. Continued child support payments will be paid outside the chapter 13 plan pursuant to the current child support order.

D. The claim of the Pennsylvania Department of Revenue in the sum of $407.42 will be paid through the plan.

E. Claim Number 19 of the City of Allentown in the sum of $342.00 will be paid through the plan.

## CLASS 2 – SECURED CLAIMS

A. <u>Mortgages and Mortgagee arrears.</u> Unless otherwise indicated, with respect to the following mortgages, debtor shall make regular contractual monthly payments outside the plan, directly to the creditor, commencing the first due date after the date of filing of the petition for relief, with liens retained. Pre-petition arrears, if any, shall be paid through the plan.

| Creditor | Collateral | Contractual Monthly payment | Principal Balance | Pre-petition Arrears |
|---|---|---|---|---|
| National City Bank | 6134 Shepherd Hill | $1,101.00 | 211,182.527 | $34,214.81 |
| Home Loan Services | 6134 Shepherd Hill | $459.25 | 49,652.68 | $ 5,985.00 |
| Fulton Bank | 421 Allen Street | $793.01 | 56,439.56 | 0 |

B. <u>Secured Claims Paid in Full.</u> The following creditors, to the extent each

holds an allowed secured claim, shall receive the amount of its allowed secured claim in equal monthly installments paid through the plan.

| Creditor | Collateral | Amount |
|---|---|---|
| Allenstown School District | 421 Allen Street | $3,106.52 |
| City of Allentown | 421 Allen Street | 627.03 |

C.   <u>Claims secured by 313-331 North Madison Street, Allentown, PA.</u>  The Madison Street property was sold pursuant to order of the Bankruptcy Court free and clear of liens and encumbrances. After payment of normal settlement costs, real estate taxes and municipal services, and all allowed professional fees, allowed secured claims were paid in order of priority. The unpaid balance of any allowed secured claim will be treated as an unsecured claim.

D.   <u>Secured Claims- Liens to be Avoided</u>  The claim of Amerifirst Home Improvement Finance, secured by a third mortgage on 6134 Shepherd Hills Avenue, Allentown, PA will be treated as unsecured. An adversary action was filed against Amerifirst Home Improvement Finance Loan which resulted in the entry of an Order cancelling the lien of the said mortgage.

## CLASS 3 – UNSECURED CLAIMS

6.   After the payment in full of the appropriate amounts to Class 1 and Class 2 claims, the Trustee shall distribute the entire amount of the remaining plan payments pro rata to the holders of allowed unsecured claims.

7   No interest accruing after the date of the filing of the petition shall be allowed on claims of creditors holding allowed unsecured claims, 11 U.S.C. Section 502(b)(2).

8.   Upon confirmation of the Plan, title to all the debtor's assets shall revest in the debtor. Confirmation of this Plan shall not bar the debtor from filing objections to any claim.

Confirmation of this plan shall not bar the debtor from seeking the determination of the extent, validity and/or priority of any liens. Confirmation of this plan shall not bar the debtor from seeking a determination as to the dischargeability of any debt.

9. This Plan complies with the provisions of Chapter 13 and all other applicable provisions of Title 11 of the United States Code. Any fee, charge, or amount required to be paid under Chapter 13 of Title 28 of the United States Code or required by the plan to be paid before confirmation has or will be paid prior to confirmation.

JOHN R. K. SOLT, ESQUIRE
Brown, Brown, Solt & Ferretti
1425 West Hamilton Street
Allentown, PA 18102
(610) 433-6771
Attorney for Debtor

GEORGE H. LAINEZ, Debtor